IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| HAROLD BRENT KEITH | : | NO. 04-354 |

**MEMORANDUM**

Padova, J.                                                                                                              January 26, 2012

*Pro se* prisoner Harold Brent Keith has filed a Motion for Reduction of his sentence based on the recent amendments to the Sentencing Guidelines, which lowered the offense levels for cocaine base ("crack") offenses. We deny the Motion for the following reasons.

**I.    BACKGROUND**

On February 18, 2005, Keith pled guilty to possession of five or more grams of crack with intent to distribute (Count II) and possession of a firearm by a convicted felon (Count IV). In the Guilty Plea Agreement (the "Agreement"), Keith and the Government agreed to a sentence of 144 months' imprisonment, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[1] Keith waived his right to a presentence investigation report, and we sentenced Keith that same day to 144 months' imprisonment.

On July 2, 2008, Keith filed a motion to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack offenses. We denied the motion, stating that because his sentence was based on the Agreement, and not the Sentencing Guidelines, he was not eligible for a sentence reduction. The United States Court of

---

[1] Federal Rule of Criminal Procedure 11(c)(1)(C) provides that the government and the defendant may "agree that a specific sentence . . . is the appropriate disposition of the case." Fed. R. Crim. P. 11(c)(1)(C).

Appeals for the Third Circuit affirmed.[2]

Keith has now filed a Motion for Reduction of Sentence based on a 2011 amendment to the Sentencing Guidelines, Amendment 750, which further lowered the base offense levels applicable to crack offenses. Keith argues that Freeman v. United States, 131 S.Ct. 2685 (2011), has changed the law regarding whether his sentence is "based on" the Sentencing Guidelines, making him eligible for a reduction in sentence.

## II. LEGAL STANDARD

Generally, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). However, a court may modify the sentence "of a defendant who has been *sentenced to a term of imprisonment based on a sentencing range* that has been subsequently lowered by the Sentencing Commission . . . ." Id. § 3582(c)(2) (emphasis added). Prior to Freeman, the rule in this Circuit was that "defendants whose sentences were based on plea agreements under Rule 11 were not eligible for sentencing reductions under § 3582(c)(2)." United States v. Carrigan, No. 09-2391, 2011 WL 4582583, at *1 (3d Cir. 2011) (citing United States v. Sanchez, 562 F.3d 275, 279 (3d Cir. 2009)). The Supreme Court rejected that rule in Freeman, and opened the door in limited circumstances to § 3582(c)(2) sentencing reductions for defendants who had entered into Rule 11 plea agreements. Id.

The Court in Freeman was split: Justice Kennedy authored a four-justice plurality opinion, concluding that "[e]ven when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision

---

[2] Keith also argued that his sentence was "based on" the Guidelines because we sentenced him to eight years' supervised release, the mandatory minimum, as opposed to the agreed-upon three years. The Third Circuit stated that, despite this deviation, the sentence was still based on the Agreement, as the mandatory minimum was explicitly noted in the Agreement. United States v. Keith, 328 F. App'x 112, 114 (3d Cir. 2009).

to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(a)(2) relief." Freeman, 131 S.Ct. at 2695 (plurality opinion). Chief Justice Roberts authored a dissent joined by three other justices. The dissent concluded that the term of imprisonment in all 11(c)(1)(C) agreements is based on the agreement itself, and thus defendants sentenced based on these agreements are never eligible for reductions pursuant to § 3582(c)(2). Id. at 2700-01 (Roberts, C.J., dissenting).

Justice Sotomayor wrote a concurring opinion, noting that, in most cases, "the term of imprisonment imposed pursuant to a (C) agreement is, for purposes of § 3582(c)(2), 'based on' the agreement itself," not on "a particular Guidelines sentencing range." Id. at 2696 (Sotomayor, J., concurring). Consequently, "the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon . . . ." Id. at 2697. However, Justice Sotomayor recognized that there are exceptions, i.e., where the (C) agreement itself calls "for the defendant to be sentenced within a particular Guidelines sentencing range." Id. at 2697. She concluded that "when a (C) agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." Id. at 2698 (footnote omitted).

"When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds.'" Marks v. United States, 430 U.S. 188, 193 (1977) (quoting Gregg v. Georgia, 428 U.S. 152, 169 n.15 (1976)). That is, "when one opinion is clearly 'narrower' than another . . . [and] would always lead to the same result that

3

a broader opinion would reach," this narrower opinion controls. Jackson v. Danberg, 594 F.3d 210, 222 (3d Cir. 2010).

In Freeman, Justice Sotomayor's concurring opinion controls "because it is the narrowest opinion that was implicitly approved by at least five Justices who support the judgment." United States v. Darby, Crim. A. No. 06-220-01, 2012 WL 74966, at *3 n.4 (E.D. Pa. Jan. 6, 2012). The Third Circuit has not yet explicitly addressed whether Justice Sotomayor's opinion controls, however, the circuits that have addressed the issue all agree that Justice Sotomayor's concurring opinion is the controlling opinion in Freeman. See United States v. Rivera-Martinez, __ F.3d __, No. 09-1766, 2011 WL 6358033, at *4 (1st Cir. Dec. 20, 2011); United States v. White, 429 F. App'x 43, 47 (2d Cir. 2011); United States v. Brown, 653 F.3d 337, 340 n.1 (4th Cir. 2011); United States v. Smith, 658 F.3d 608, 611 (6th Cir. 2011). In addition, the other judges in this district who have considered the issue agree that Justice Sotomayor's opinion concurring opinion is the controlling opinion. See United States v. Ware, Crim. A. No. 08-625-01, 2012 WL 38937, at *7-8 (E.D. Pa. Jan. 9, 2012) (concluding that Justice Sotomayor's opinion controls); Darby, 2012 WL 74966, at *3 n.4 (same); United States v. Curry, Crim. No. 08-41-7, 2011 WL 6378821, at *2 (E.D. Pa. Dec. 20, 2011) (same). We thus analyze Keith's Motion in accordance with Justice Sotomayor's concurring opinion in Freeman.

### III. DISCUSSION

Keith argues that, pursuant to Freeman, his sentence was based on the Guidelines, and he is thus eligible for a sentence reduction based on Amendment 750 to the Sentencing Guidelines.[3]

---

[3] It is undisputed that Freeman is a supervening change in the law, and thus the law of the case doctrine does not preclude us from deciding whether Keith's sentence was based on the Guidelines or the Agreement, even though we already decided this issue in our 2008 order. See

4

Under Justice Sotomayor's approach, we look to the terms of the Agreement to determine whether Keith is eligible for a sentence reduction. We must determine whether a "sentencing range is evident from the agreement itself" and whether the agreed-upon range was the basis for the agreed-upon sentence. See Freeman, 131 S.Ct. at 2698-99 (Sotomayor, J., concurring). However, as in Freeman, it is not necessary that the range itself appear anywhere in the agreement. See id. at 2699-700 (determining how the parties arrived at the agreed-upon sentence by looking to statutory minimum and the agreed-upon offense level and criminal history category). Notably, the district court's calculation of the Guidelines range at the time of sentencing is irrelevant. Id. at 2700 n.8.

The Agreement in this case states that the parties agreed to a sentence of 144 months' imprisonment. (Agreement ¶ 3b.) It notes that Keith faced a mandatory minimum of 10 years' imprisonment for Count II. (Id. ¶ 4.) The parties agreed that the cocaine base involved in Count II was crack, as defined in U.S.S.G. § 2D1.1, Note D, and that the amount of crack was 10.5 grams. (Id. ¶ 6a). They further agreed that Keith was eligible for a three-level reduction in his offense level for acceptance of responsibility. (Id. ¶6b-c.) Finally, the Agreement states that although Keith waived his appellate rights, he could still appeal if the judge "unreasonably departed upward from the otherwise applicable sentencing guideline range." (Id. ¶ 7b.ii.) The Agreement contains no other references to the Sentencing Guidelines, and it concludes that the parties have entered into no other agreements. (Id. ¶ 9.)

Notably absent from the Agreement are references to Keith's offense level, criminal history category, or applicable Guidelines range. As the Agreement explicitly states that the parties came

---

Schneyder v. Smith, 653 F.3d 313, 331 (3d Cir. 2011) (stating that a "supervening new law" is a reason for revisiting an issue).

to no other agreements than those set forth in the written Agreement, it necessarily follows that they did not agree on an offense level, criminal history category, or applicable Guidelines range. Moreover, there was no presentence investigation report, which further bolsters the conclusion that the parties did not agree to a sentencing range. Without such an agreement, Keith's sentence could not have been "based on" the Sentencing Guidelines, and thus he is not eligible for a reduction in sentence, pursuant to 18 U.S.C. § 3852(c)(2). Accordingly, we deny Keith's Motion for Reduction of Sentence.

### III.    CONCLUSION

For the reasons stated above, we conclude that Keith's sentence was "based on" his Plea Agreement, and not the Sentencing Guidelines, and thus he is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, we deny the Motion for a Reduction of Sentence. An appropriate Order follows.

BY THE COURT:

 /s/ John R. Padova  
John R. Padova, J.